IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02330-BNB

FIDEL G. RAMOS,

Plaintiff,

v.

WILLIAM BILL RITTER, Governor, Chief Executive Director for the State of Colorado and Colorado Department of Corrections,
ARISTEDES W. ZAVARES, Executive Director for the Colorado Department of Corrections,
JOAN SHOEMAKER, Deputy Director of the Medical Department for the Colorado Department of Corrections,
BEVERLY DOWIS, Medical Administrator for the Sterling Correctional Facility for the Colorado Department of Corrections, and
KEVIN MILYARD, Warden of the Sterling Correctional Facility for the Colorado Department of Corrections

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Fidel G. Ramos, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Ramos has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Ramos is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ramos will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint filed by Mr. Ramos and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Ramos fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Instead, Mr. Ramos asserts the same generic claim for relief against each supervisory official named as a Defendant, for a total of five claims, in which he alleges that each Defendant is responsible for various actions of numerous other individuals at different prisons that allegedly have violated his constitutional rights.

In support of each of his five claims, Mr. Ramos incorporates a sixty-three-page description of his entire incarceration since July 2000. Among other issues, Mr. Ramos complains about racial discrimination, inadequate medical treatment, classification and placement issues, disciplinary issues, and retaliation. However, because Mr. Ramos asserts the same generic claim against each named Defendant, it is not clear what specific claims are being asserted against the individual Defendants or what specific acts of each named Defendant allegedly have violated Mr. Ramos' constitutional rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, Mr. Ramos will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue any claims in this action. Mr. Ramos is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Ramos file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Ramos, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Ramos fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 18, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02330-BNB

Fidel G. Ramos
Prisoner No. 41238
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

 I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/18/09

GREGORY C. LANGHAM, CLERK

By: _____
 Deputy Clerk