IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
JAN 0 7 2010
GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02330-BNB

FIDEL G. RAMOS,

    Plaintiff,

v.

WILLIAM BILL RITTER, Governor, Chief Executive Director for the State of Colorado
    and the Colorado Department of Corrections,
ARISTEDES W. ZAVARES, Executive Director for the Colorado Department of
    Corrections,
JOAN SHOEMAKER, Deputy Director of the Medical Department for the Colorado
    Department of Corrections,
BEVERLY DOWIS, Medical Administrator for the Sterling Correctional Facility for the
    Colorado Department of Corrections,
KEVIN MILYARD, Warden of the Sterling Correctional Facility for the Colorado
    Department of Corrections,
RON LEYBA, Warden of the Canon City Minimum Correctional Complex for the
    Colorado Department of Corrections,
D. M. LINAM, Associate Warden of the Four-Mile Correctional Facility for the Colorado
    Department of Corrections,
MR. TAFOYA, Captain for the Arrowhead Correctional Facility for the Colorado
    Department of Corrections,
LT. SCOTT, Unit housing Officer for the Arrowhead Correctional Facility for the
    Colorado Department of Corrections,
MR. MURRAY, Sgt., Housing Officer for the Arrowhead Correctional Facility for the
    Colorado Department of Corrections,
MRS. DEGROOT, Sgt., Housing Unit Officer for the Arrowhead Correctional Facility for
    the Colorado Department of Corrections,
JOSEPH P. HALLIGAN, Case Mgr. III for the Sterling Correctional Facility for the
    Colorado Department of Corrections,
MR. R. DICK, Case Manager for the Sterling Correctional Facility for the Colorado
    Department of Corrections,
ROBERT J. KIESEL, Captain, Security Officer for the Sterling Correctional Facility for
    the Colorado Department of Corrections,
MR. MISCHIARRA, Captain, Security Officer for the Sterling Correctional Facility for the
    Colorado Department of Corrections,
ROBERT SCOTT, Lt., Security Officer for the Sterling Correctional Facility for the
    Colorado Department of Corrections,
J. SMITH, C.O., Unit Housing Officer for the Sterling Correctional Facility for the
    Colorado Department of Corrections,

R. BROWN, C.O., Security Officer for the Sterling Correctional Facility for the Colorado Department of Corrections, and
I. EMERICK, C.O., Security Officer for the Sterling Correctional Facility for the Colorado Department of Corrections,

Defendants.

## ORDER OF DISMISSAL

Plaintiff Fidel G. Ramos is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Ramos initiated this action by filing *pro se* a Prisoner Complaint claiming that his rights under the United States Constitution have been violated. In an order filed on November 18, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Ramos to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On December 15, 2009, Mr. Ramos filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Mr. Ramos is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Amended Complaint filed by Mr. Ramos and finds that the Amended Complaint still fails to comply with the pleading requirements of Rule 8. As Mr. Ramos was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and

to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that the original Prisoner Complaint filed by Mr. Ramos failed to comply with the pleading requirements of Rule 8 because Mr. Ramos failed to set forth a short and plain statement of his claims showing that he is entitled to relief.  The Court agrees.  The original Prisoner Complaint included one generic claim for relief against each of the five supervisory officials named as Defendants in the original Prisoner Complaint, for a total of five claims, in which Mr. Ramos alleged that each Defendant was responsible for various constitutional violations committed by prison officials at the different prisons in which Mr. Ramos has been incarcerated.  Mr. Ramos incorporated into each claim in the original Prisoner

Complaint a sixty-three-page description of his entire incarceration since July 2000. Some of the issues raised in the original Prisoner Complaint included racial discrimination, medical treatment, classification and placement, disciplinary proceedings, and retaliation.

The Amended Complaint filed by Mr. Ramos does not correct the problems identified by Magistrate Judge Boland with respect to the original Prisoner Complaint. The Amended Complaint includes the same five claims for relief that are raised in the original Prisoner Complaint against the same five Defendants, and adds six new claims against fourteen more Defendants. Excluding attachments, the Amended Complaint consists of fifty-seven pages of typewritten, mostly single-spaced allegations regarding the same issues raised in the original Prisoner Complaint. In addition, Mr. Ramos makes repeated references to his original Prisoner Complaint in the Amended Complaint and he actually incorporates the sixty-three-page description of his entire incarceration since July 2000 that is contained in his original Prisoner Complaint into six of the eleven claims raised in the Amended Complaint. As a result, the Amended Complaint still lacks a clear and concise statement of the specific claims that are being asserted against each named Defendant in this action.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Magistrate Judge Boland specifically advised Mr. Ramos that, in order "to state a claim in federal court, a complaint must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Ramos that, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). Despite these specific instructions, Mr. Ramos has failed to file an amended complaint that complies with the pleading requirements of Rule 8. The Amended Complaint, read together with the portion of the original Prisoner Complaint that Mr. Ramos incorporates into the Amended Complaint, does not include a concise statement of the specific claims for relief that Mr. Ramos is asserting against each named Defendant. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the original Prisoner Complaint, the Amended Complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 6th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02330-BNB

Fidel G. Ramos
Prisoner No. 41238
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk